IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA f/u/b/o )
STRUCTURAL GROUP, INC., formerly known )
as Structural Preservation Systems, Inc. )
)
and )
)
STRUCTURAL GROUP, INC., formerly known )
as Structural Preservation Systems, Inc. )
6955 San Tomas Road )
Elkridge, MD 21075 )
)
     Plaintiffs, )
)
v. )
)
GRUNLEY CONSTRUCTION CO., INC. )
Suite 500 )
15020 Shady Grove Road )
Rockville, MD 20850 )
)
  Serve Resident Agent: )
  Prentiss Hall Corporation System )
  1090 Vermont Avenue, N.W. )
  Washington, D.C. 20005 )
)
and )
)
CONTINENTAL CASUALTY COMPANY )
CNA Plaza )
Chicago, IL 60685 )
)
  Serve Resident Agent: )
  Corporation Service Company )
  1090 Vermont Avenue, N.W., Suite 430 )
  Washington, D.C. 20005 )
)
     Defendants. )
)

Case: 1:07-cv-00923
Assigned To : Roberts, Richard W.
Assign. Date : 5/17/2007
Description: CONTRACT

## COMPLAINT

Use-Plaintiff United States of America f/u/b/o Structural Group, Inc., formerly known as

Structural Preservation Systems, Inc. and Plaintiff Structural Group, Inc., formerly known as

Structural Preservation Systems, Inc. (collectively "Structural") hereby bring this Complaint against Grunley Construction Co., Inc. ("Grunley") and Continental Casualty Company ("Continental") as Co-defendants, and state in support hereof as follows:

## I. THE PARTIES

1. Use-Plaintiff and Plaintiff Structural is a specialty subcontractor authorized to transact business in the District of Columbia with its principal office located at 6955 San Tomas Road, Elkridge, Maryland 21075.

2. Defendant Grunley is a general construction contractor which was organized and existing under the laws of the State of Maryland and which, upon information and belief, is authorized to transact business in the District of Columbia.

3. Defendant Continental, upon information and belief, is a corporation duly authorized to engage in the business of executing surety bonds in the District of Columbia with its principle office located in Chicago, Illinois.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Miller Act, 40 U.S.C. §§ 3131(a) *et seq.*

5. Pursuant to the Miller Act, 40 U.S.C. § 3131(b), venue is proper in this Court since the project in question is located at the Supreme Court of the United States and the Prime Contract was performed in Washington, D.C. (the "Project").

## III. FACTS

6. Grunley, the prime contractor on the Project, entered into Contract No. AOC-0400062 (the "Prime Contract") with the United States Architect of the Capitol to perform certain work known as the Modernization of the United States Supreme Court in Washington, D.C.

2

7. Pursuant to the Prime Contract's terms, Grunley as principal and Continental as surety executed and delivered to the United States a Payment Bond (the "Bond" attached as Exhibit 1 hereto), conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract, including Plaintiff.

8. Structural entered into a subcontract ("Subcontract") Exhibit 2 hereto, with Grunley whereby Structural agreed to perform, among other things, certain concrete demolition, repair, restoration and installation work required of Grunley under its Prime Contract with the United States. During the course of Subcontract performance, Structural was directed to perform additional work including, without limitation, requiring Structural to infill existing trenches in floor slabs, demolition of existing footings, take measurements for steel reinforcing bar, place new footings and beams, and make other changes to the as-bid work at additional cost, expense and time to Structural.

9. Structural was also extended, delayed and impacted in the performance of its work due to, among other things, unexcused delays and changes in the work caused by the Owner and/or Grunley thereby requiring performance of night shift work, resulting in a loss of productivity.

10. Structural performed all work requested of it by Grunley in a workmanlike and timely fashion and is entitled to be paid in full for the work it performed.

11. Additionally, as a result of certain Grunley-caused extensions, delays, impacts, actions and/or inactions, Structural incurred costs of extended performance in the form of, among other things, and without limitation, extended general conditions. More particularly, these extended general conditions arose from Structural's having to maintain its field

supervision, project management and field equipment, material and supplies for an extended period of at least 142 days.

12. As a result, Structural was forced to incur additional costs through having to maintain its presence in the field for the aforementioned additional 142 days, at a daily rate of at least $2,052.00 for a total of $291,384.00.

13. Structural has performed work for which it remains unpaid, without legal justification or excuse, in the amount of at least $1,282,116.24 of which $122,000.00 is retainage owed against base contract work. This amount has been due and owing for more than ninety (90) days but less than one (1) year from the initial filing in this matter.

14. Grunley and Continental have failed and refused to make payment to Structural. Grunley's failure to make payment is a material breach of the Subcontract between Grunley and Structural. Continental's and Grunley's failure to make payment under the Bond is a material breach of their Bond obligation.

### IV. CAUSES OF ACTION

#### COUNT I
#### (Miller Act Bond Claim)

15. The preceding paragraphs 1-14 are incorporated as if fully set forth herein.

16. From the date of filing its original complaint, a period of more than ninety (90) days but less than one (1) year after the day on which the last labor was performed or materials supplied to the Project by Structural has elapsed on outstanding invoices and claims currently totaling $1,282,116.24 of which $122,000.00 is retainage. Structural has not been paid for the aforesaid labor or materials.

17. Structural is a person entitled to the protection of the Miller Act, 40 U.S.C. §§ 3131(a) *et seq.* and is also a person protected by the Bond furnished by Continental and Grunley.

4

18. Structural is a claimant under the Bond; its claim, set forth herein, is recoverable under the Bond and the Miller Act; and all conditions precedent for its recovery hereunder have either been performed, have been satisfied, or have been waived.

19. By reason of the foregoing, Continental and Grunley are justly indebted to Structural under the Bond in the sum of $1,282,116.24 (including retention of $122,000.00), plus interest.

WHEREFORE, Use-Plaintiff United States of America f/u/b/o Structural Group, Inc. and Plaintiff Structural Group, Inc. demand judgment against Continental Casualty Company of America and Grunley Construction Co., Inc., jointly and severally, in the amount of at least $1,282,116.24 (inclusive of $122,000.00 in retention), plus interest, costs and such other and further relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract Claim)

20. The preceding paragraphs 1-19 are incorporated as if fully set forth herein.

21. Grunley is indebted to Structural in the sum of $1,282,116.24, including $122,000.00 in retainage.

22. Grunley's failure to make payment as due is a material breach of the subcontract between Structural and Grunley.

WHEREFORE, Plaintiff Structural Group, Inc. demands judgment against Defendant Grunley Construction Co., Inc. in the amount of at least $1,282,116.24, of which $122,000.00 is retainage owed from base contract work, plus interest, costs and such other and further relief as this Court deems just and proper.

Date: May 17, 2007                    Respectfully submitted,

                                      BELL, BOYD & LLOYD LLP

WHEREFORE, Plaintiff Structural Group, Inc. demands judgment against Defendant Grunley Construction Co., Inc. in the amount of at least $1,282,116.24, of which $122,000.00 is retainage owed from base contract work, plus interest, costs and such other and further relief as this Court deems just and proper.

Date: May 17, 2007

Respectfully submitted,

BELL, BOYD & LLOYD LLP

By: _____
Lawrence M. Prosen (D.C. Bar 457703)

By: _____
Andrew N. Cook (D.C. Bar 416199)

1615 L Street, N.W., Suite 1200
Washington, DC 20036-5610
Telephone: (202) 955-6830
Facsimile: (202) 835-4127
Attorneys for Plaintiffs United States f/u/b/o
   Structural Group, Inc., formerly known as
   Structural Preservation Systems, Inc. and
   Structural Group, Inc., formerly known as
   Structural Preservation Systems, Inc.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
United States of America f/u/b/o Structural Group, Inc. and Structural Group, Inc., formerly known as Structural Preservation Systems, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Anne Arundel, Md
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lawrence M. Prosen
Bell, Boyd & Lloyd LLP
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
202-955-6830

## DEFENDANTS
Grunley Construction Co., Inc. and Continental Casualty Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Montgomery, Md.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

104091

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☒ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Miller Act, 40 U.S.C. §3131(a) - Subcontractor suit on Federal Construction Project against Prime Contractor and Bond Surety; also Breach of Contract

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 1,282,116.24   Check YES only if demanded in complaint
**JURY DEMAND:** YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** May 17, 2007   **SIGNATURE OF ATTORNEY OF RECORD** [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.