IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES f/u/b/o | ) | |
| STRUCTURAL GROUP, INC. , et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:07 CV 0923 |
| | ) | Judge Roberts |
| v. | ) | |
| | ) | |
| GRUNLEY CONSTRUCTION CO. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STIPULATION TO STAY PROCEEDINGS

**NOW COME** the parties, Plaintiff/Use-Plaintiff Structural Group, Inc. ("Structural"), Defendant Grunley Construction Company, Inc. ("Grunley"), and Continental Casualty Company ("Continental"), to jointly stipulate as follows:

1. This suit arose over a subcontract ("Subcontract") entered into by Grunley and Structural whereby Structural was to perform certain work within the scope of a Prime Contract between Grunley and the federal government, acting through the Architect of the Capitol ("Owner"), known as the Modernization of the United States Supreme Court Building in Washington, D.C. (the "Project"). Continental is Grunley's Miller Act (40 U.S.C. §3131) payment bond surety on the Project.

2. The Subcontract between Grunley and Structural contains a clause, which is Article 17 of the Subcontract, whereby the parties agreed that "[d]isputes arising out of Owner acts, omissions or responsibilities shall be resolved in accordance with disputes procedures in the Prime Contract," and that "[a]ll disputes between [Grunley] and [Structural], not involving the Owner's acts, omissions or responsibilities, shall . . . be

1

resolved by arbitration in accordance with the rules of the American Arbitration Association."

    3.    On or about May 17, 2007, Structural filed a Complaint under the Miller Act, 40 U.S.C. § 3131 *et seq.* against Grunley and Continental to recover compensation that Structural claims to be due under the Subcontract for labor and materials furnished to the Project. Structural has asserted claims against Grunley based on its Subcontract agreement and against Continental based on the terms of the payment bond. Without Structural's admission, under the Complaint and the exhibits thereto, some of the items for which Structural is seeking compensation may be Owner responsibilities ("Owner issues"), and others may be Grunley responsibilities ("Grunley issues"). Under the terms of Article 17, therefore, the Owner issues are to be pursued under the disputes procedures of the Prime Contract, and the Grunley issues are to be resolved through arbitration.

    4.    The parties have agreed to stay proceeding in this case in order to allow Grunley and Structural to exhaust the remedies prescribed by the Subcontract.

    5.    The parties agree that any inactivity in this case as the result of the agreed stay should not prejudice Structural's rights to proceed under the Miller Act and that any statute of limitations has neither expired nor will preclude Plaintiff from pursuing this action if and when the stay is lifted.

    6.    Plaintiff's counsel has reviewed this Stipulation and has authorized Defendants' counsel to sign this stipulation on Plaintiff's counsels' behalf.

    NOW THEREFORE, the parties stipulate, and hereby jointly request, that proceedings in this case be STAYED immediately while Grunley and Structural pursue

the administrative and alternative dispute resolution remedies prescribed by the Subcontract. A proposed order accompanies this stipulation.

| | |
|---|---|
| Dated: June 28, 2007 | Respectfully submitted, |
| /s/ Michael A. Lewis | /s/ Lawrence M. Prosen |
| Herman M. Braude | Lawrence M. Prosen |
| D.C. Bar No. 051326 | D.C. Bar No. 457703 |
| Michael A. Lewis | Andrew N. Cook |
| D.C. Bar No. 479906 | D.C. Bar No. 416199 |
| BRAUDE & MARGULIES, P.C. | BELL, BOYD & LLOYD LLP |
| 1200 Potomac Street, N.W. | 1615 L Street, N.W., Suite 1200 |
| Washington, D.C. 20007 | Washington, D.C. 20036 |
| (202) 471-5400 | (202) 955-6830 |
| (202) 471-5404 | (202) 835-4127 (fax) |
| Attorneys for Defendants | Attorneys for Plaintiff/Use-Plaintiff |

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that a copy of the foregoing Stipulation and proposed Order will be served upon Plaintiff's counsel below, via the Court's ECF System upon its being filed, this 28th day of June, 2007.

> Lawrence M. Prosen
> Andrew N. Cook
> BELL, BOYD & LLOYD LLP
> 1615 L Street, N.W.
> Suite 1200
> Washington, D.C. 20036

>> /s/Michael A. Lewis
>> Michael A. Lewis

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES f/u/b/o** | ) | |
| **STRUCTURAL GROUP, INC. , et al.** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | No. 1:07 CV 0923 |
| | ) | **Judge Roberts** |
| v. | ) | |
| | ) | |
| **GRUNLEY CONSTRUCTION CO.** | ) | |
|  et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### CONSENT ORDER TO STAY PROCEEDINGS

For the reasons set forth in the parties' joint stipulation to stay proceedings in this case pending exhaustion of administrative remedies and arbitration, it is hereby ORDERED THAT:

1)      This case is stayed until Grunley Construction Co., Inc. ("Grunley") and Structural Group, Inc. ("Structural") exhaust the remedies prescribed by Article 17 of the Subcontract Agreement, including (1) resolution of disputes arising out of the Owner acts, omissions or responsibilities under the procedures of the prime contract; and (2) resolution of the remaining disputes between Grunley and Structural by arbitration;

2)      Within 21 days following the later of the rendering of an award or other decision by the arbitrator(s) resolving the disputes between Grunley and Structural or exhaustion of administrative remedies in accordance with the terms of the subcontract, the parties shall confer and file a joint status report with the Court advising whether any further proceedings in this case are necessary.

3) This case shall be stayed in lieu of being administratively closed. For the record, the Court recognizes that any inactivity in this case as a result of the agreed upon stay shall not prejudice Plaintiff's rights to proceed under the Miller Act (40 U.S.C. §3131) and that any applicable statute of limitations has neither expired nor will preclude Plaintiff from pursuing this action if and when the stay is lifted.

**SO ORDERED THIS _____ DAY OF _____, 2007.**

_____
Judge Richard W. Roberts

Copies to be furnished electronically to:

| | |
|---|---|
| Herman M. Braude | Lawrence M. Prosen |
| Michael A. Lewis | Andrew N. Cook |
| BRAUDE & MARGULIES, P.C. | BELL, BOYD & LLOYD |
| 1200 Potomac Street, N.W. | 1615 L Street, N.W. |
| Washington, D.C. 20007 | Washington, D.C. 20036 |
| (202) 471-5400 | (202) 955-6830 |
| (202) 471-5404 (fax) | (202) 835-4127 (fax) |
| Attorneys for Defendants | Attorneys for Plaintiff/Use-Plaintiff |