IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES f/u/b/o** ) <br> **STRUCTURAL GROUP, INC.**, *et al.*, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **GRUNLEY CONSTRUCTION CO.**, *et al.*, ) <br> ) <br> **Defendants.** ) <br> ) | No. 1:07 CV 0923 <br> Judge Roberts |

### JOINT STATUS REPORT

Plaintiff/Use-Plaintiff Structural Group, Inc. ("Structural") and Defendants Grunley Construction Company, Inc. ("Grunley") and Continental Casualty Company ("Continental"), in response to the Court's April 14, 2008 Minute Order for the parties to file a joint status report ("JSR") regarding this case on or before June 6, 2008, do hereby so file and state as follows:

1.  This case continues to be stayed and statistically closed by the Court since its order of July 6, 2007. The basis for the stay and statistical closure arises out of (1) the parties need to exhaust certain administrative remedies associated with the prime contract between defendant Grunley Construction Company, Inc. and the United States Government's Architect of the Capitol; and (2) the underlying subcontract containing an arbitration provision.

2.  This case was initially filed due to the mandatory one (1) year time limitation in which to file a Miller Act Suit. *See,* 40 U.S.C. §§3131 *et seq.* The Miller Act "deadline" mandated that Plaintiff file suit or waive its payment bond rights.

3. Since the February 4, 2008 JSR, the parties have met on several occasions and resolved a number of the open disputes between them which arise out of this case.

4. As with the last JSR, the single largest claim element remains outstanding between the parties. This item involves the apportionment of delay damages between Grunley and the owner and involves one of Plaintiff's subcontractors as the primary damages component to that item. Plaintiff has met on several occasions with that subcontractor to try and determine the full extent of its damages, what aspect of those damages are documented and to apportion those damages between Grunley and the owner, U.S. Architect of the Capitol ("AOC"). That subcontractor has represented to Plaintiff that the subcontractor will provide documentary backup for its damages by the end of this week or early next week. Once those materials are provided, Structural has already contacted Grunley to schedule a face-to-face meeting with the parties hereto and the subcontractor in question to try and work through this last component. The parties hope to have this meeting by the end of June 2008. If they are not resolved by July 15, 2008 Structural will initiate arbitration proceedings before the American Arbitration Association.

5. But for the parties' successfully allocating the relative responsibilities for delays and impacts to Structural and its subcontractor, and in turn prosecuting the pass through claims against the AOC, the parties appear to have resolved the other aspects of this case that are the responsibility of defendants. The parties hope to resolve the subcontractor portion shortly as discussed above.

6. The pass-through claims will be jointly prosecuted against the AOC by Grunley and Structural have. In fact, these are but one portion of a larger omnibus claim

that Grunley is in the process of preparing to present to the AOC. The AOC's disputes process is a slow, drawn out process that will take some time, likely over a year, to resolve and then it may be necessary for Grunley to appeal such a determination once those administrative remedies are exhausted.

      7.      While the last few JSRs have stated that arbitration would be initiated, the parties continue to cooperate and work towards resolution of their disputes. As a result, Plaintiff has agreed to hold off on initiating the arbitration while settlement and strategy discussions continue.

      8.      Towards that end, the Parties request the Court's indulgence and consideration in this matter and they renew their request that this matter continue to be stayed and statistically closed for the present time and that the Court extend the time periods between requesting Joint Status Reports to a period of not less than ninety (90) days between such reports.

Dated: June 6, 2008                            Respectfully submitted,

| | |
|---|---|
| By: /s/ Michael A. Lewis_____ | By: /s/ Lawrence M. Prosen__ |
| Herman M. Braude | Lawrence M. Prosen |
| D.C. Bar No. 051326 | D.C. Bar No. 457703 |
| Michael A. Lewis | Andrew N. Cook |
| D.C. Bar No. 479906 | D.C. Bar No. 416199 |
| BRAUDE & MARGULIES, P.C. | BELL, BOYD & LLOYD LLP |
| 1200 Potomac Street, N.W. | 1615 L Street, N.W., Suite 1200 |
| Washington, D.C. 20007 | Washington, D.C. 20036 |
| (202) 471-5400 | (202) 955-6830 |
| (202) 471-5404 | (202) 835-4127 (fax) |
| Attorneys for Defendants | Attorneys for Plaintiff/Use-Plaintiff |

**CERTIFICATE OF SERVICE**

      THE UNDERSIGNED HEREBY CERTIFIES that a copy of the foregoing Stipulation and proposed Order will be served upon Plaintiff's counsel below, via the Court's ECF System upon its being filed, this 6th day of June 2008.

                Herman M. Braude
                Michael A. Lewis
                BRAUDE & MARGULIES, P.C.
                1200 Potomac Street, N.W.
                Washington, D.C. 20007

                  /s/ Lawrence M. Prosen
                Lawrence M. Prosen